## SUPREME COURT.

ZACHARIAH E. SIMMONS agt. CORNELIUS J. VANDERBILT.

*Examination of parties before trial — What affidavit must state to justify an order for.*

To justify an order to examine a defendant to enable a plaintiff to frame his pleading, the affidavit must make disclosure of what induced plaintiff to proceed; and the framing of a general averment is not sufficient.

*First Department, General Term, September,* 1880.

*Before* DAVIS, *P. J.,* BRADY *and* BARRETT, *JJ.*

APPEAL from order vacating order for the examination of the defendant.

*H. M. Whitehead*, for appellant.

*Lord & Lord*, for respondent.

PER CURIAM. — Where a proper case has been made for it, a party has an undoubted right to examine his adversary to enable him to prepare his pleadings. But here the plaintiff's affidavit is entirely defective. It states no fact whatever, except that the defendant admitted "the receipt of the money sued for." The relations between the parties are undisclosed. The plaintiff gives us no insight into his real position; no clue to the averment that the moneys were received "for his use." Something should at least have transpired to justify the bringing of the suit and the framing of a general averment. So far the court should have been taken into the plaintiff's confidence. As it is, this affidavit is entirely blind. It seems studiously to avoid a frank disclosure of what induced the plaintiff to proceed. The order was, therefore, very properly vacated. It would be intolerable were parties to be subjected to inquisitorial examinations upon such papers.

The order appealed from should be affirmed, with ten dollars costs and the disbursements of the appeal.